IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAN T. MOORE,**

    **Petitioner,**

    **v.**             **CASE NO. 2:05-cv-808**

                                  **JUDGE HOLSCHUH**

**WARDEN, NOBLE CORRECTIONAL**
     **INSTITUTION,**         **MAGISTRATE JUDGE KEMP**

    **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's request for a stay of proceedings, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's request for a stay of proceedings, Doc. No. 6, be **DENIED** and that this action be **DISMISSED** as unexhausted.

**I. PROCEDURAL HISTORY**

Petitioner was indicted by the March 13, 2003, term of the Licking County grand jury on kidnapping, in violation of O.R.C. §2905.01(A)(5), interference with Custody, in violation of O.R.C. §2919.23(A)(1), forgery, in violation of O.R.C. §2913.31(A)(3), (B)(1), and possessing criminal tools, in violation of O.R.C. §2023.24(A)(C). Exhibit 1 to Return of Writ. On August 12, 2003, while represented by counsel and pursuant to a plea agreement, petitioner pleaded no contest to kidnapping and possessing criminal burglary tools. He was sentenced to an aggregate term of four years incarceration. Exhibits 2, 3, and 4 to Return of Writ. Petitioner also was classified as a

sexually oriented offender; however on November 23, 2004, the trial court granted petitioner's motion to vacate his classification as a sexually oriented offender. *See* Exhibits 5, 6, and 7 to Return of Writ.

Although petitioner indicates in his petition that he filed a timely appeal of his convictions to the Fifth District Court of Appeals, according to respondent, no appeal was ever filed. On April 1, 2004, petitioner filed a *pro se* motion to withdraw his guilty plea. Exhibit 8 to Return of Writ. On the same date, he also filed a petition for post conviction relief with the state trial court. He asserted the following claims:

> 1. The petitioner was denied his Sixth Amendment right to appellate counsel and due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.
>
> 2. The petitioner was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the Constitution of the United States when his counsel lied to him about the type of plea being entered.
>
> 3. The petitioner is innocent of the crime for which he was convicted because his actions were immediately necessary because his ex wife told him in court that she was taking his daughter to Kyrgyzstan which is not a member of the Hague Convention.
>
> 4. The State of Ohio's mandatory specification of "sexual offender" for the offense of kidnapping is unconstitutional when the criminal offense itself involves no sexual misconduct.

Exhibit 9 to Return of Writ. On May 3, 2004, the trial court denied petitioner's motion to withdraw guilty plea and post conviction petition. Exhibit 11 to Return of Writ. Petitioner filed a timely appeal of the trial court's decision. He asserted the following claims:

> 1. The appellant was denied his Sixth Amendment right to appellate counsel and due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

>   2. The appellant is innocent of the crime for which he was convicted because his actions were immediately necessary because his ex wife told him in court that she was taking his daughter to Kyrgyzstan which is not a member of the Hague Convention.
>
>   3. The State of Ohio's mandatory specification of "sexual offender" for the offense of kidnapping is unconstitutional when the criminal offense itself involves no sexual misconduct.

Exhibit 16 to Return of Writ. On August 25, 2004, the appellate court affirmed the judgment of the trial court. Exhibit 18 to Return of Writ. Petitioner apparently never filed an appeal of the appellate court's decision to the Ohio Supreme Court.

On August 31, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

>   1. Sixth Amendment right, effective assistance of counsel for appeal.
>
>   The trial court did not appoint nor properly advise petitioner of his rights or the requirements to file an appeal. They did not, knowing of his confusion and issues of his plea, appoint counsel. Further, a prior counsel who was to be [a] witness abandoned him and disappeared.
>   2. Petitioner's right to counsel was violated, as well as due process, because his plea was coerced, not knowing, intelligently, or voluntarily made.
>
>   Defendant's counsel was ineffective and coerced petitioner to plead guilty to crimes he was and is not guilty of (actual innocence). Said pleas were involuntary, unknowing, and not intelligent. The trial court and State were so aware but accepted these pleas and sentenced petitioner.
>
>   3. Ohio's mandatory findings, without admission or jury finding that all kidnapping is a sexual offense, violates due process and petitioner's constitutional rights.
>
>   Petitioner's rights were violated by the trial court's own finding that because he kidnapped his own daughter, with no accusation of sexual

3

>motivation, that he, by the judge's finding, is a sexual offender. Further, it took two Ohio Supreme Court disciplinary complaints and federal criminal charges on his judge Jon Spahr to move his court proving bias.
>
>4. Petitioner has been denied his constitutional rights in Ohio courts who have not provided a meaningful review.
>
>From the trial court's, the Fifth District Court of Appeals, and Ohio Supreme Court, petitioner has been subjected to a ritual practice of "deliberate indifference" to injustices, without effective assistance of counsel or meaningful review by any Ohio court whatsoever.
>
>5. Conviction obtained pursuant to an unconstitutional search and seizure.
>
>Defendant was involuntarily searched prior to arrest.
>
>6. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
>
>The defendant at no point whatsoever was read his rights under law, nor *Mirandized.*
>
>The police officer had no standing to enter the private residence.
>
>The person offering entrance had no standing to offer admittance to the private residence.
>
>7. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the court and defense evidence favorable to the defendant.

It is the position of the respondent that this action must be dismissed as unexhausted.

## II. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a

4

constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

Although petitioner filed a petition for post conviction relief in the state courts, the record fails to reflect that he ever filed a direct appeal of his convictions. Further, although many of petitioner's allegations are off the record claims that would be properly raised in post conviction proceedings, other claims (*i.e.*, claims one, and claims three through six) appear to be readily apparent from the face of the record, and therefore would be properly raised on direct appeal. Further, petitioner may still file a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A):

> (1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
>
> (a) Criminal proceedings;
>
> (b) Delinquency proceedings; and
>
> (c) Serious youthful offender proceedings.
>
> (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

The state appellate court explicitly advised petitioner to file a direct appeal:

> Herein, appellant asserts he has a constitutional right to counsel on direct appeal. We agree. Appellant then further claims the trial court erred in not appointing counsel for him for a direct appeal.
>
> In support of his claim, appellant relies on *State v. Gover* (1995), 71 Ohio St.3d 577, wherein the Ohio Supreme Court held if a convicted defendant was denied counsel at a pre-appellate level, and a timely notice of appeal was not filed as a result, the proper remedy is a petition for post conviction relief. Appellant's reliance on Gover is misplaced.
>
> Unlike *Gover*, appellant was not denied counsel at the pre-appellate level. The proper remedy is not post conviction relief, but rather a request for a delayed appeal.

Exhibit 18 to Return of Writ. In view of the foregoing, the Court concludes that the instant action is unexhausted.

Petitioner has requested a stay of proceedings so that he may exhaust state court remedies. Doc. No. 6. Respondent has not raised the issue of statute of limitations, which issue is an affirmative defense. *Scott v. Collins*, 286 F.3d 923, 927-28 (6th Cir. 2002). However, the time during which a federal habeas corpus petition is pending does not toll the running of the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 180 (2001). It appears, therefore, that dismissal of petitioner's habeas corpus petition would bar any re-filing of petitioner's habeas corpus petition under 28 U.S.C. §2244(d), which provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* This Court therefore must consider whether a stay of proceedings is appropriate, or whether the petition instead should be dismissed in its entirety. *See Palmer v. Carlton*, 276 F.3d 777, 780 (6th Cir. 2002).

In *Rhines v. Weber*, 125 S.Ct. 1528 (2005), the United States Supreme Court held:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. *Duncan, supra,* at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines

7

there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. §2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," *Lundy, supra,* at 520, 102 S.Ct. 1198 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See*, *e.g., Zarvela,* 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id.,* at 380-381.

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if

8

> dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See id.,* at 520, 102 S.Ct. 1198 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Id*., at1534-35. In *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1813 (2005), the Supreme Court stated:

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Id*. Federal courts have yet to achieve a consensus on what constitutes good cause for failing to exhaust state court remedies within the meaning of *Rhines v. Weber, supra*:

> No Circuit Court of Appeals has yet opined on the meaning of "good cause." ... [T]he majority of those lower courts which have addressed the issue at length have analogized the "good cause" requirement to the requirement that a habeas petitioner demonstrate "cause" to excuse other types of procedural defaults. *See, e.g., Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1206-07 (C.D.Cal.2005) (deeming it "appropriate to look to procedural default case law for guidance in determining whether Petitioner has demonstrated the requisite 'good cause" '); *Johnson v. Sullivan*, No. CV04-7923 (ABC)(MLG), 2006 WL 37037, at *3 (C.D.Cal. Jan. 4, 2006) (report and recommendation following *Hernandez ); Pierce v. Hurley*, No. 05-CV-392, 2006 WL 143717, at *8 (S.D.Ohio Jan.18, 2006) (report and recommendation following *Hernandez* ); *Carter v. Friel*, No. 02 CV 326 TS, 2006 WL 208872, at *3 (D.Utah Jan.26, 2006) (disagreeing "with the position that 'good cause' is defined by the Supreme Court in *Rhines* as more liberal or expansive than the showing needed for 'cause' to excuse procedural default in federal habeas case law"). These courts have reasoned that "good cause," like "cause" in the procedural default context, must arise "from an objective factor external to the petitioner which cannot fairly be attributed to him or her." *See, e.g., Hernandez*, 397 F.Supp.2d at 1207 (citing *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); *Johnson*, 2006 WL 37037, at *3 (same); *Pierce*, 2006 WL 143717, at *8 (same).
>
> Even in cases which expressly reject the notion that "good cause" is analogous to "cause" for a procedural default, *see Rhines v. Weber*, No. 00- 5020-KES, 2005 WL 3466015, at *4 (D.S.D. Dec.19, 2005), or which implicitly reject *Hernandez* and progeny by discussing and

9

> failing to follow those cases, *see Fernandez v. Artuz*, No. 00 Civ. 7601(KMW)(AJP), 2006 WL 121943 (S.D.N.Y. Jan. 18, 2006) (report and recommendation of Peck, M.J.), the "good cause" has arisen from external factors, not petitioner's own decisions. For example, *Rhines,* 2005 WL 3466015, is one of several cases holding that the alleged ineffective assistance of counsel at post-conviction proceedings can constitute "good cause." *Id.* at *3 (citing cases, including *Ramchair v. Conway*, No. 04-CV-4241 (JG), 2005 WL 2786975 (E.D.N.Y. Oct.26, 2005)). Similarly, in *Fernandez*, 2006 WL 121943, the Court found "good cause" where a petitioner was forced to seek a stay only because his § 440 motion--itself based on newly discovered evidence--had been greatly delayed "by the prosecution and other circumstances beyond [petitioner's] control." *Id.* at * 7.
>
> Thus, regardless of whether courts analogize "good cause" to "cause" for procedural defaults, most of the courts which have thus far engaged in an in-depth analysis of the issue have required that "good cause" arise from something external, and not fairly attributable, to the petitioner. Indeed, at least one case in this Circuit has expressly held that a petitioner's own tactical decisions cannot constitute good cause. In *Knight v. Phillips*, Nos. 05-CV-2749 (NG) and 05-CV-2758 (NG), slip op. (Jan. 18, 2006), the petitioner deliberately waited for 13 months before filing his State post-conviction motions because a prison law clerk had promised to assist him. The *Knight* Court recognized that the delay was due to "reasons beyond [the petitioner's] control," but nonetheless held that the petitioner's tactical decision to wait for legal assistance did not "constitute 'good cause' for petitioner's failure to file his State claims earlier." *Id.* at 3. The Court observed:

*Ramdeo v. Phillips*, 2006 WL 297462 (E.D.N.Y. February 8, 2006)(rejecting the argument that ignorance of the law constitutes good cause for failing to exhaust state court remedies.)

Here, however, petitioner's unexhausted claims appear plainly without merit. His claim that he was denied due process when he was classified as a sexual offender is moot, in view of the state court's order vacating such sexual offender classification. *See* Exhibits 5, 6, and 7 to Return of Writ. As discussed by the state appellate court, petitioner's claim that his guilty plea was not knowing, intelligent, and voluntary, that he was denied the effective assistance of counsel, and that he is

10

actually innocent of the charges likewise appears plainly without merit in view of the record and transcript of his no contest plea.

> Appellant... argues the merits of his claim of necessity as an affirmative defense to the kidnapping charge. We find his no contest plea waives his right to assert his affirmative defense now. We note, during the change of plea hearing, appellant acknowledged his appointed counsel had explained all possible defenses that might be available to him and he was satisfied with the representation of his counsel. At no time did appellant attempt to raise the defense of necessity during any of his colloquy with the trial court at the plea hearing.

Exhibit 18 to Return of Writ; *see also Transcript, Change of Plea Hearing*, Exhibit 4 to Return of Writ. Petitioner asserts that he was convicted by use of illegally obtained evidence; however, the record before this Court does not reflect that petitioner ever filed any pre-trial motions to suppress evidence. Therefore, it appears that such claim would be waived in the state courts, *State v. Davis,* 1 Ohio St.2d 28, 30 (1964), and procedurally defaulted in federal habeas corpus review. *See* 28 U.S.C. §2254(b), (c); *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Additionally, Fourth Amendment claims cannot be considered in a federal habeas corpus action, as long as the state courts provided "an opportunity for full and fair litigation" of that claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976).; *Riley v. Gray*, 674 F.2d 552, 526 (6th Cir. 1982). The record fails to reflect that the state courts did not provide petitioner with an adequate opportunity for litigation of his Fourth Amendment claim. Petitioner's claim that the prosecutor improperly failed to disclose exculpatory evidence appears to be based on matters not readily apparent from the face of the record, and therefore should have been raised in petitioner's petition for post conviction relief, but was not. Any attempt now by petitioner to present such claim would most certainly be barred in a successive and untimely post conviction action, and therefore waived

in federal habeas corpus review. *See* O.R.C. §2953.23; *See* 28 U.S.C. §2254(b), (c); *Murray v. Carrier*, *supra; Maupin v. Smith*, *supra* . Finally, the record reflects that the trial court imposed a sentence of four years pursuant to the joint recommendation of the prosecutor and defense counsel. *Transcript, Change of Plea Hearing,* at 13, Exhibit 4 to Return of Writ. Therefore, it appears that petitioner may have waived his right to appeal his sentence. *See* O.R.C. §2953.08(D):

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge....

In any event, this Court concludes that petitioner has failed to establish good cause for his failure to exhaust such claim in the state courts. Petitioner never attempted to file a direct appeal despite the state appellate court's explicit instructions in its August 25, 2004, decision dismissing his post conviction appeal that he must present such claim in a request for delayed appeal. Exhibit 18 to Return of Writ.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as unexhausted, and that petitioner's request for a stay of proceedings, Doc. No. 6, be **DENIED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge
```